Slip Op. 21-17

## UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| **UNITED STATES,**<br><br>　　　　　　　　　　**Plaintiff,**<br>　　v.<br><br>**E.G. PLASTICS, INC.,**<br><br>　　　　　　　　　　**Defendant.** | Before: Gary S. Katzmann, Judge<br>Court No. 18-00226 |

### OPINION

[Plaintiff's motion for the entry of default judgment is granted.]

　　　　　　　　　　　　　　　　　　　　　　　　　　　　Dated: February 16, 2021

Jason M. Kenner, Senior Trial Attorney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of New York, NY, for plaintiff.  With him on the brief were Jeffrey Bossart Clark, Acting Assistant Attorney General, Jeanne E. Davidson, Director, and Justin R. Miller, Attorney-in-Charge.  Of Counsel Brandon T. Rogers, Office of the Assistant Chief Counsel, U.S. Department of Customs and Border Protection.

　　　　Katzmann, Judge:  Plaintiff the United States ("Government") brings this action to recover unpaid duties incurred by Defendant E.G. Plastics, Inc., an importer of plastic retail bags from Thailand.  Compl. ¶¶ 1, 5, Nov. 13, 2018, ECF No. 2.  The Government alleges that E.G. Plastics failed to pay antidumping ("AD") duties on twenty-five entries of plastic retail bags made during 2008 and 2009.  Id. ¶¶ 5–6, 15–16.  Because E.G. Plastics failed to timely appear, plead, or otherwise defend, default was entered.  Clerk's Entry of Default, Oct. 15, 2019, ECF No. 11.  The Government now moves for default judgment pursuant to USCIT Rule 55(b).  Pl.'s Mot. for Default J., Oct. 8, 2020, ECF No. 16 ("Pl.'s Br.").  As explained below, because the Government's well-pleaded complaint and supporting evidence adequately establish E.G. Plastics' liability for

unpaid duties, the Government's motion for a default judgment is granted. Judgment shall be entered against E.G. Plastics for the unpaid duties and interest owed as a result.

## JURISDICTION AND STANDARD OF REVIEW

The court has jurisdiction pursuant to 28 U.S.C. § 1582(3). A defendant who defaults thereby admits all well-pleaded factual allegations contained in the complaint. United States v. NYCC 1959, Inc., 40 CIT __, __, 182 F. Supp. 3d 1346, 1347 (2016) (citing City of New York v. Mickalis Pawn Shop, LLC, 645 F.3d 114, 137 (2d Cir. 2011)); United States v. Deladiep, Inc., 41 CIT __, __, 255 F. Supp. 3d 1326, 1336 (2017) (citing Au Bon Pain Corp. v. Artect, Inc., 653 F.2d 61, 65 (2d Cir. 1981)). The defaulting party's admission of liability for all well-pleaded facts, however, does not also function as an admission of damages. United States v. Freight Forwarder Int'l, Inc., 39 CIT __, __, 44 F. Supp. 3d 1359, 1362 (2015) (citing Cement & Concrete Workers Dist. Council Welfare Fund v. Metro Found. Contractors Inc., 699 F.3d 230, 234 (2d Cir. 2012); Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992)); Deladiep, 255 F. Supp. 3d at 1336. Thus, when considering a motion for default judgment, the court accepts as true all well-pleaded facts in the complaint, but must reach its own legal conclusions. United States v. Callanish, Ltd., 37 CIT 462, 464 (2013); United States v. Scotia Pharm. Ltd., 33 CIT 638, 642 (2009). No statute of limitations exists for an importer's liability for duties assessed on entered merchandise. United States v. Ataka America, Inc., 17 CIT 598, 599–600, 826 F. Supp. 495, 497–98 (1993).

## DISCUSSION

In a motion for default judgment, the moving party must first demonstrate to the Clerk of the Court by affidavit or otherwise that the opposing party has failed to plead or otherwise defend. USCIT R. 55(a). Upon such a showing, the Clerk must enter default, as has occurred here. Id.

USCIT Rule 55(b) mandates that "[w]hen the plaintiff's claim is for a sum certain or for a sum that can be made certain by computation, the court -- on the plaintiff's request with an affidavit showing the amount due -- must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing."

Accordingly, the court must enter judgment against E.G. Plastics if (1) the Government's allegations establish E.G. Plastics' liability as a matter of law, and (2) "the plaintiff's claim is for a sum certain or for a sum that can be made certain by computation," USCIT R. 55(b). See NYCC 1959, Inc., 182 F. Supp. 3d at 1347.

Section 505 of the Tariff Act of 1930, 19 U.S.C. § 1505(b), allows U.S. Customs and Border Protection ("Customs") to impose and collect final duties upon the liquidation of entries. See also 19 U.S.C. § 1514(a)–(b) (defining finality of Customs decisions). The Government, supported by evidence in the form of a declaration from Customs' Director of Revenue Division, Office of Finance and related Customs' documentation, adequately alleges the following: E.G. Plastics made twenty-five entries of polyethylene retail carrier bags from Thailand through the port of Los Angeles/Long Beach, CA between March 7, 2008, and January 8, 2009. Compl. ¶¶ 5, 15. The entries were subject to AD duties, Polyethylene Retail Carrier Bags from Thailand, 69 Fed. Reg. 48,204 (Dep't Commerce Aug 9, 2004). Compl. ¶¶ 6, 16; Decl. of Bruce Ingalls in Supp. of Pls.' Mot. for Default J. ¶ 7, Oct. 8, 2020, ECF No. 16-1 ("Ingalls Decl."). On October 15, 2009 and January 10, 2010, Commerce instructed Customs to lift the suspension of liquidation and liquidate entries made during the two periods of review during which E.G. Plastics' entries were made. Compl. ¶¶ 9, 18; Ingalls Decl. ¶¶ 9, 13–14. Customs timely liquidated each of E.G. Plastics' entries. Compl. ¶¶ 10, 19; Ingalls Decl. ¶¶ 10, 15. Customs issued to E.G. Plastics two formal demands for payment of the unpaid AD duties which remain unpaid, totaling

$1,171,226.70. Compl. ¶¶ 11, 20; Ingalls Decl. ¶¶ 11; 16. E.G. Plastics did not pay the outstanding duty amounts nor did it protest the liquidations. Compl. ¶¶ 12–13; 22–23; Ingalls Decl. ¶¶ 21–22. However, Customs did receive partial payment of $50,000.00 towards the unpaid duties for some entries from E.G Plastics' surety Hartford Fire Insurance Company. Compl. ¶ 21; Pl.'s Br. at 4 n.1 (correcting error in Complaint regarding name of surety); Ingalls Decl. ¶¶ 19–20.

Admitted as true, the Government's factual allegations establish E.G. Plastics' liability as a matter of law. Thus, the Government may recover unpaid AD duties in the amount of $1,123,178.69, plus pre- and post-judgment interest based on its supporting evidence. See Compl. ¶¶ 23; Ingall's Decl. ¶ 23 ("E.G. Plastics owes CBP unpaid duties and pre-liquidation interest for the twenty-five entries totaling 1,123,178.69, plus post-liquidation interest under 19 U.S.C. § 1505(d), which continues to accrue."). Because E.G. Plastics failed to protest the liquidations of the entries at issue and E.G. Plastics failed to appear, plead, or otherwise defend itself in this action, the court grants the Government's motion for default judgment. Judgment shall therefore be entered for the unpaid AD duties, plus pre-judgment interest on the unpaid duties, 19 U.S.C. § 1505(c), post-judgment interest, 28 U.S.C. § 1961(a), and costs. See USCIT Rule 55(b) (requiring the entry of judgment for the plaintiff, plus costs, when the plaintiff's claim is for a sum certain against a competent defendant who has been defaulted for not appearing).

## CONCLUSION

For the foregoing reasons, the Government's motion for default judgment against E.G. Plastics for unpaid duties is granted. Judgment shall be entered in the amount of $1,123,178.69 for the unpaid AD duties; plus pre-judgment interest computed pursuant to 19 U.S.C. § 1505, from the dates of the respective liquidations of the entries until the date of judgment; post-judgment interest computed in accordance with 28 U.S.C. § 1961(a)–(b); and costs.

**SO ORDERED**.

/s/   *Gary S. Katzmann*
Gary S. Katzmann, Judge

Dated: February 16, 2021
       New York, New York